**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JAMES BAKER**, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 3:24-cv-1762 |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | MAGISTRATE JUDGE |
| **THE FREMONT COMPANY**, c/o Christopher G. Smith 802 N. Front St. Fremont, OH 43420, | ) ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff James Baker ("Plaintiff"), on behalf of himself and all others similarly situated, files his Collective and Class Action Complaint against Defendant The Fremont Company ("Defendant") and states and alleges as follows:

**INTRODUCTION**

1.     This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this judicial district and division and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

5.      Plaintiff is an adult individual, a United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

6.      Plaintiff has been employed by Defendant from approximately August 2023 through the present as an hourly, non-exempt employee. Specifically, Plaintiff has been employed by Defendant as an hourly food manufacturing employee. During his employment, Plaintiff has worked forty (40) or more hours in one or more workweek(s).

7.      At all relevant times, Plaintiff has been an "employee" within the meaning of 29 U.S.C. § 203(e).

8.      Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

9.      Defendant is a domestic corporation for profit that operates and conducts substantial business activities in the Northern District of Ohio.

10.     Defendant is a business engaged in the manufacturing of tomato-based sauces, fermented and pickled vegetables, and other specialty foods.[1]

---

[1] *About Us*, THE FREMONT COMPANY, https://fremontcompany.com/about-us/ (last visited Oct. 10, 2024).

11.     At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees of Defendant. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Plaintiff and those similarly situated.

12.     At all relevant times, Defendant has had direct or indirect control and authority over Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant exercised that authority and control over Plaintiff and other similarly situated employees.

13.     At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control employees' work schedules and conditions, determine the rate and method of pay, and/or maintain employee records.

14.     At all relevant times, Defendant suffered or permitted Plaintiff and other similarly situated employees to work. Plaintiff and other similarly situated employees performed the work for Defendant's benefit.

15.     During relevant times, Defendant maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

16.     Defendant operates and controls an enterprise engaged in interstate commerce.

17.      Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level).

18.     Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including

3

policies, practices, and procedures relating to payment of and compliance with the FLSA (inclusive of overtime wages, timekeeping, maintenance of records, etc.).

19.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

## FACTUAL ALLEGATIONS

20.     Defendant is a consumer food products company headquartered in Fremont, Ohio that manufactures, markets, and distributes store brand and branded food products, including but not limited to tomato-based sauces, fermented and pickled vegetables, and other specialty foods.

21.     Defendant operates multiple food manufacturing facilities in Ohio, including a facility in Rockford, Ohio, where Plaintiff is employed.

22.     Plaintiff and other similarly situated employees work or worked as hourly, non-exempt employees in Defendant's food manufacturing facilities.

23.     Plaintiff works in food manufacturing, making ketchup at Defendant's Rockford, Ohio facility.

24.     As a manufacturer of food products, Defendant is regulated by the U.S. Food and Drug Administration ("FDA") and is subject to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 9, *et seq*. (hereinafter "FDCA").

25.     In enforcing the FDCA, the FDA promulgates its own Good Manufacturing Practices ("GMPs") for the manufacturing, packing, or holding of human food, as set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

26.     The GMPs have a section dedicated to personnel, which specifically requires that "[a]ll persons working in direct contact with food, food-contact surfaces, and food-packaging

4

materials shall conform to hygienic practices while on duty to the extent necessary to protect against contamination of food." 21 C.F.R. § 110.10(b).

27.     These practices include, but are not limited to, wearing outer garments suitable to the operation, maintaining adequate personal cleanliness, washing hands thoroughly, and wearing hair nets, headbands, caps, beard covers, or other effective hair restraints.

28.     Plaintiff and other similarly situated employees are required to wear a uniform and personal protective equipment ("PPE"), including pants, a shirt, a beard net, and a hair net, and they must also wash their hands before beginning their work duties.

29.     Plaintiff and other similarly situated employees are required to don this PPE and wash their hands before clocking in for their shifts and are similarly required to remove it after clocking out. This is because Defendant places time clocks only on the production floor, and all unpaid work is therefore unavoidably completed before employees can clock in and after they can clock out.

30.     The time spent donning and doffing PPE and washing hands is integral and indispensable to the principal activities performed by Plaintiff and other similarly situated employees and is therefore compensable work time under the FLSA.

31.     Compliance with the GMPs by Plaintiff and other similarly situated employees involved in the manufacturing, packaging, and handling of food is integral and indispensable to the work that they are hired to do.

32.     Compliance with the GMPs by Plaintiff and other similarly situated employees involved in the manufacturing, packaging, and handling of food is also an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

33.     Unless Plaintiff and other similarly situated employees involved in the manufacturing, packaging, and handling of food comply with the GMPs, they cannot adequately or properly complete their work.

34.     Therefore, the donning and doffing of sanitary clothing and other PPE, as well as handwashing, are integral and indispensable to the work performed by Plaintiff and other similarly situated employees who are involved in the manufacturing, packaging, and handling of food.

35.     Because the donning and doffing of sanitary clothing and other PPE, and handwashing, are integral and indispensable to the work performed by Plaintiff and other similarly situated employees who are involved in the manufacturing, packaging, and handling of food, the time spent donning and doffing PPE and handwashing are compensable work time within the meaning of the FLSA.

36.     The donning of sanitary clothing and other PPE by Plaintiff and other similarly situated employees involved in the manufacturing, packaging, and handling of food is those employees' first principal activity of the day. Therefore, subsequent related walking and waiting time is also compensable.

37.     The doffing of sanitary clothing and other PPE by Plaintiff and other similarly situated employees involved in the manufacturing, packaging, and handling of food is those employees' last principal activity of the day. Therefore, subsequent related walking and waiting time is also compensable.

38.     Plaintiff and other similarly situated employees typically spend at least approximately 5-10 minutes donning sanitary clothing and other PPE and washing their hands before clocking in for each shift.

39.     The estimated amount of unpaid time is significantly longer when including doffing time and the related walking and waiting time, depending on lines, that must also be paid because it occurs before and after their first and last principal activities, respectively.

40.     Defendant does not compensate Plaintiff and other similarly situated employees for the time spent donning and doffing PPE, washing hands, or related walking and waiting time, all of which that is performed off the clock.

41.     Plaintiff and others similarly situated use the same key fob to enter Defendant's facility and to clock in/out so that Defendant can easily more accurately track the time actually worked by its employees.

42.     Additionally, Defendant has, on at least one occasion, altered Plaintiff's clock-in time to a later time than when Plaintiff actually clocked in for the workday, resulting in unpaid work time.

43.     As a result of Defendant's policies and practices, Plaintiff and other similarly situated employees have not been compensated for all hours worked, including overtime hours worked in excess of forty (40) hours per workweek.

44.     Defendant's failure to pay Plaintiff and other similarly situated employees for all hours worked, including overtime compensation at a rate of not less than one-and-one-half times (1.5x) their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, violates the FLSA, 29 U.S.C. §§ 201–19.

45.     Defendant's overtime violations described herein were not committed in good faith, were willful, and recklessly disregarded clearly applicable FLSA provisions.

46.     As a result of Defendant's practices, Plaintiff and those similarly situated have been harmed in that they have not received all wages due to them pursuant to federal law, and these damages continue through the present.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> **All current and former hourly, non-exempt food manufacturing employees, including temporary workers and direct hires, who worked at any of Defendant's manufacturing facilities and engaged in donning and doffing personal protective equipment, washing hands, walking, and waiting before clocking in and after clocking out, and who worked 40 or more hours in any work week at any time from three years preceding the filing of this Complaint and continuing through the final disposition of this matter (the "FLSA Collective").**

48.     This FLSA claim is appropriate for collective action treatment because Plaintiff and the putative FLSA Collective members are similarly situated, as they were subjected to Defendant's common policy and practice of failing to pay for all compensable work time and have similar job duties, pay provisions, and employment relationships with Defendant.

49.     Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from Defendant's personnel, scheduling, and timekeeping and payroll records that Defendant is required to maintain by law.

50.     Plaintiff will fairly and adequately protect the interests of the FLSA Collective and has retained counsel experienced in complex wage and hour litigation.

## COUNT ONE
### (FLSA Overtime Violations)

51.　　Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52.　　The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one-and-one-half times (1.5x) their regular rate of pay. 29 U.S.C. § 207(a)(1).

53.　　Plaintiff and the FLSA Collective are covered employees entitled to the FLSA's protections.

54.　　Defendant is a covered employer required to comply with the FLSA's mandates.

55.　　Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Collective overtime compensation for all hours worked over forty (40) in a workweek, including time spent donning and doffing clothing and personal protective equipment, washing hands, and related walking and waiting time, off the clock.

56.　　In violating the FLSA, Defendant acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, prays that this Honorable Court:

A.　Direct that notice be issued pursuant to 29 U.S.C. § 216(b) to similarly situated persons, informing them of this action and enabling them to opt in;

B.　Enter judgment against Defendant and in favor of Plaintiff and other similarly situated employees who join this case pursuant to 29 U.S.C. § 216(b);

C.　Award to Plaintiff and the Opt-Ins who join their actual damages for unpaid wages;

9

D.  Award to Plaintiff and the Opt-Ins who join liquidated damages equal in an amount to the unpaid overtime compensation found due;

E.  Award to Plaintiff and the Opt-Ins who join attorneys' fees, costs, and disbursements; and,

F.  Award to Plaintiff and the Opt-Ins who join such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com
        takers@mcoffmanlegal.com

*Counsel for Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman